R. Terry Parker, Esquire
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Michael Sinclair*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL SINCLAIR<br><br>          Plaintiff,<br><br>     v.<br><br>NEW VISION DEVELOPMENT CORP.<br><br>          Defendant. | **Case No.:** |

**COMPLAINT AND JURY DEMAND**

The plaintiff Michael Sinclair ("Plaintiff"), by his undersigned attorneys, Rath, Young and Pignatelli, PC, for its complaint against the defendant New Vision Development Corporation ("Defendant"), alleges as follows:

**SUBSTANCE OF THE ACTION**

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), and 501.

2. Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

## PARTIES

3. Plaintiff is an individual working as a professional photographer with a principle place of business at 26 Talbot Road, TW2 6SJ, Twickenham, Great Britain, United Kingdom.

4. Upon information and belief, the Defendant is a domestic corporation operating a principal place of business at 34 East Main Street #305, Smithtown, New York 11787.

## JURISDICTION AND VENUE

5. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

6. Personal jurisdiction over Defendant is proper. Defendant is conducting business in this judicial district and committing torts in this state, including without limitation Defendant's copyright infringement, which causes harm in this state and judicial district.

7. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

A. **Plaintiff's Business**

8. Plaintiff is an individual doing business as a professional photographer and the owner of the photographic image attached hereto as Exhibit A (the "Copyrighted Work").

9. The Copyrighted Work is original work of authorship.

10. Plaintiff owns the copyrights in and to the Copyrighted Work.

11.

12. Plaintiff has obtained a certificate of registration with the United States

Copyrighted Office for the Copyright Work. Attached hereto as Exhibit B are copies of the certificates for registration obtained from the United States Copyright Office

**B.     Defendant's Unlawful Activities**

13.     Plaintiff has discovered Defendant infringing Plaintiff's exclusive copyrights in the Copyright Work.

14.     Specifically, Plaintiff discovered the Copyright Work being reproduced, distributed and publicly displayed, without Plaintiff's authorization at the website www.longislandguide.com, screenshots of which are attached hereto as Exhibit C.

**CLAIM FOR RELIEF**
**DIRECT COPYRIGHT INFRINGEMENT**
**(17 U.S.C. § 101 *et seq*.)**

15.     Plaintiff realleges the paragraphs above and incorporates them by reference as if fully set forth herein.

16.     The Copyright Work is original works of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

17.     As exclusive licensee, Plaintiff has sufficient rights, title and interest in and to the copyrights in the Copyrighted Work to bring suit.

18.     Upon information and belief, as a result of Plaintiff's reproduction, distribution and public display of the Copyright Work, Defendant had access to the Copyright Work prior to the creation of Defendant's Infringing Work.

19.     By their actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing and publicly displaying the Infringing Work.

20.     Upon information and belief, Defendant's infringement of Plaintiff's copyrights is willful and deliberate and Defendant has profited at the expense of Plaintiff.

21. As a direct and proximate result of Defendant's infringement of Plaintiff's copyrights and exclusive rights in the Copyright Work, Plaintiff is entitled to recover its actual damages resulting from Defendant's uses of the Copyright Work without paying license fees, in an amount to be proven at trial.

22. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyright Work, which amounts will be proven at trial.

23. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyright Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

24. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

25. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendant has infringed Plaintiff's copyrights under the Copyright Act;

2. A declaration that such infringement is willful;

3. An accounting of all revenue earned by Defendant during the period in which it reproduced, distributed or displayed the Copyrighted Work, or any portion or

derivation of the Copyrighted Work;

4. Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from their acts of copyright infringement or, in lieu thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

5. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement;

6. Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505; and

7. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: February 25, 2020

Respectfully submitted,

RATH, YOUNG & PIGNATELLI, P.C.

/s/ *R. Terry Parker*
R. Terry Parker, Esquire
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Michael Sinclair*